UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK T. MURRAY,

            Plaintiff,

  v.

ROBERT WILSON,

            Defendant.

Case No. C07-5238FDB

ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED

The Court, having reviewed plaintiff's complaint and the balance of the record contained herein, does hereby find and ORDER.

(l) A complaint is frivolous when it has no arguable basis in law or fact Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Plaintiff's complaint appears to call into question the validity of his conviction and/or sentence. More specifically, Plaintiff is seeking damages from Robert Wilson (a police officer) following a traffic stop, search and arrest of Plaintiff. It appears the traffic stop resulted in three traffic citations and an arrest on an outstanding misdemeanor warrant.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or

ORDER
Page - 1

sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Id</u>. at 2374.

Plaintiff claims call into question the police officer's probable cause to stop and question Plaintiff when he stopped on the side of the road with some mechanical problems with his car. The officer's investigation resulted in Plaintiff's arrest on an outstanding warrant and three traffic tickets. Significantly, Plaintiff has not shown that he has previously successfully challenged the officer's actions by way of petition for writ of habeas corpus or similar challenges. Thus, it appears a claim for monetary damages is premature.

(3) Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be dismissed **by no later than June 15, 2007**. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

(4) The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 15th day of May, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2