1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

MARK T. MURRAY,

            Plaintiff,

      v.

KRAIG NEWMAN, *et al.*,

            Defendants.

Case No. C07-5215 RBL/KLS

ORDER TO SHOW CAUSE

17

18

19

20

21

22

23

24

      This civil rights action has been referred to United States Magistrate Judge Karen L.
Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.   Plaintiff has been
granted leave to proceed *in forma pauperis*.   Before the court for review is Plaintiff's proposed civil
rights complaint in which Plaintiff names the Grays Harbor County Deputy Prosecuting Attorneys
Kraig Newman and Megan Valentine as Defendants.  (Dkt. # 1).  Plaintiff has brought this action
under 42 U.S.C. § 1983, but appears to challenge the validity of a 2005 Washington state conviction
for domestic violence.  The Court finds that Plaintiff must show cause why his complaint should not
be dismissed for failure to state a claim under 42 U.S.C. § 1983.

25

**I. DISCUSSION**

26

27

28

      In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l)  the
conduct complained of was committed by a person acting under color of state law and that (2)  the

ORDER - 1

1 conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of

2 the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

3 *Daniels v. Williams,* 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an

4 alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354

5 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

6       When a person confined by government is challenging the very fact or duration of his physical

7 imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or

8 a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

9 *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged

10 unconstitutional conviction or imprisonment, or for other harm caused by actions whose

11 unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

12 conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

13 invalid by a state tribunal authorized to make such determination, or called into question by a federal

14 court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.   *Heck v. Humphrey,* 512 U.S. 477,

15 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has

16 not been so invalidated is not cognizable under § 1983.  *Id.*

17       Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider

18 whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

19 sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

20 conviction or sentence has already been invalidated.  *Id.*  If the court concludes that the challenge

21 would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge

22 must be brought as a petition for a writ of habeas corpus, not under § 1983."  *Butterfield v. Bail*,

23 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

24       Plaintiff must also allege facts showing how the individually named defendants caused or

25 personally participated in causing the harm alleged in his proposed Complaint. *Arnold v. IBM,* 637

26 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on

27 the basis of his or her supervisory responsibility or position. *Monell v. New York City Dept. of Social*

28 ORDER - 2

*Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a

§ 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).  Therefore, Plaintiff should state the

factual basis for his allegation that Defendants maliciously prosecuted him.


       Accordingly, it is ORDERED:

       1.     Plaintiff shall show cause why this complaint should not be dismissed.  A response is

due by **June 15, 2007.**  If Plaintiff fails to file a response or the response shows the Plaintiff cannot

go forward the Court will enter a report and recommendation that the complaint be dismissed.

       2.     The Court Clerk is directed to send a copy of this Order to Plaintiff.


       DATED this 14th  day of May, 2007.


                                             Karen L. Strombom
                                             United States Magistrate Judge

ORDER - 3