UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK T. MURRAY,

   Plaintiff,

 v.

KRAIG NEWMAN, *et al.*,

   Defendants.

Case No. C07-5215 RBL/KLS

ORDER DIRECTING SERVICE BY U.S. MARSHAL

  This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been granted leave to proceed *in forma pauperis.* Plaintiff has provided service copies and filled out service forms. The Clerk is directed to effect service as provided below.

  (l) <u>Service by United States Marshal</u>.

  It is hereby ORDERED that the United States Marshal shall send the following to each named Defendant for whom there is a filled out service form by first class mail: a copy of the complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office. All costs of service shall be advanced by the United States. The Clerk shall assemble the necessary documents to effect service.

ORDER - 1

(2)     Response Required

Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons.  Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

Any defendant who fails to timely return the signed Waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

(3)     Filing and Service by Parties, Generally.

All original documents and papers submitted for consideration by the court in this case, are to be filed with the Clerk of this court.  The originals of all such papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the copies are to be delivered.  The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting *pro se*).  The proof shall show the day and manner of service and may be written acknowledgment of service, by certificate of a member of the bar of this court, or by affidavit of the person who served the papers.

(4)     Motions.

Any request for court action shall be set forth in a motion, properly filed and served.  The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar.  That date shall be the third Friday following filing of the motion (fourth Friday for Motions for Summary Judgment).  All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion.  If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.  The party making the motion may file, not later than 4:30 p.m. on the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

ORDER - 2

1    (5) Motions for Summary Judgment

2    If one of the parties files a motion for summary judgment pursuant to Federal Rules of Civil
3    Procedure 56, the opposing party should acquaint him/herself with Rule 56.  Rule 56 requires a
4    nonmoving party to submit affidavits or other evidence in opposition to a motion for summary
5    judgment if the moving party has shown the absence of issues of material fact and an entitlement to
6    judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or denials
7    of prior pleadings.  Rather, successful opposition to a motion for summary judgment requires the
8    nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine
9    issue for trial.  Failure by the nonmoving party to oppose a summary judgment motion or to present
10   counter evidence could result in the court accepting the moving party's evidence as the truth, and
11   entering final judgment in favor of the moving party without a full trial.  *Rand v. Rowland*, 113 F.3d
12   1520 (9th Cir. 1997).

13   (6)    Direct Communications with District Judge or Magistrate Judge

14   No direct communication is to take place with the District Judge or Magistrate Judge with
15   regard to this case.  All relevant information and papers are to be directed to the Clerk.

16   (7)    Clerk's Action

17   The Clerk is directed to send a copy of this Order and of the General Order issued by the
18   Magistrate Judges to Plaintiff.

19   DATED this  28th   day of January, 2008.

Karen L. Strombom
United States Magistrate Judge

28   ORDER - 3