UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK T. MURRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>KRAIG NEWMAN, *et al.*,<br><br>    Defendants. | Case No. C07-5215 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 25, 2008** |

This matter comes before the Court on the motion of Defendants Kraig Newman and Megan Valentine[1] to dismiss Plaintiff's case. (Dkt. # 26). Defendants maintain that Plaintiff's claims must be dismissed against them because they are entitled to absolute immunity to suit under 42 U.S.C. § 1983. Having reviewed the motion to dismiss, Plaintiff's response (Dkt. # 28), and the balance of the record, the Court finds that the motion should granted as to Defendant Valentine.

**I. PLAINTIFF'S COMPLAINT**

**A.    Plaintiff's Allegations**

Plaintiff seeks damages against Defendants Newman and Valentine for malicious

---

[1] The State of Washington is also a named party to this action, but at the time of this motion has not yet been served.

REPORT AND RECOMMENDATION - 1

prosecution. Plaintiff alleges that his brother, who is addicted to methamphetamine, sought to have Plaintiff jailed so that he could steal his belongings and sell them for drugs. (Dkt. # 4, p. 3). Plaintiff's brother lied to investigators regarding a domestic violence incident resulting in Plaintiff's arrest for domestic violence and a search warrant. *Id*. Plaintiff alleges that his father advised the Grays Harbor County Prosecutor's Office of the truth and also sent them a written memorandum. *Id*. Despite knowing that the Affidavit for search warrant was based on his brother's falsehoods, Defendants Newman and Valentine pursued the search warrant. *Id*.

Defendant Valentine was the prosecutor "for the second half of [Plaintiff's ] incarceration." *Id.* Plaintiff alleges that if she had "studied the case, she was aware of the knowingly false statements in the Affidavit for search warrant." *Id*. Plaintiff alleges further:

> My brother told investigators that he lived at my house. The prosecutors knew the truth because he was involved in a DV with his wife just days earlier. Mr. Newman and Ms. Valentine are guilty of Malicious Prosecution.

*Id.*

Plaintiff also claims that after thirty months of incarceration, he won all of his domestic violence cases relating to his brother. *Id.*

**B.     Defendants' Motion to Dismiss and Plaintiff's Cross Motion for Summary Judgment**

Defendants argue that they are entitled to absolute prosecutorial immunity from Plaintiff's claims. (Dkt. # 26, p. 2, Dkt. # 33). Plaintiff's only allegation is that they should have known that the primary witness against him in a domestic violence case was allegedly not telling the truth. Defendants maintain that Plaintiff's allegation, even if proven true, is insufficient to abrogate absolute prosecutorial immunity.

In his sworn response, Plaintiff now alleges that the prosecutors were acting as complaining witnesses. (Dkt. # 28). Plaintiff alleges that "the defendants swear to the judge of knowingly false statements insofar as the address of the neighbor and complaining witness and that the baton found was a Grays Harbor County Sheriff's baton." (Dkt. # 28, p. 1). Defendants respond that Plaintiff fails to support this allegation with any documentary evidence. (Dkt. # 33, p. 2).

The document upon which Plaintiff relies is part of the Court's file. In earlier filings,

REPORT AND RECOMMENDATION - 2

Plaintiff provided a copy of a Motion and Declaration for Order Directing Issuance of Arrest Warrant, containing the Declaration by Kraig Newman, filed in Grays Harbor Case No. 2004267, State of Washington v. Mark T. Murray on August 31, 2004.[2] In that Declaration, Mr. Newman declares under penalty of perjury that a criminal complaint was filed accusing Mr. Murray of a criminal offense and that probable cause exists for the issuance of a warrant based upon facts which were furnished by the Grays Harbor County Sheriff's Department. (Dkt. # 9, Attachment 1 (Proposed Response to Order to Show Cause), Exh. 2). The pertinent language of that declaration is set forth as follows:

> I, Kraig Newman, hereby declare as follows:
>
> That I am a deputy prosecuting attorney in and for Grays Harbor, Washington, and I am familiar with the records and files herein;
>
> A Criminal Complaint was filed accusing the defendant of a criminal offense, and probable cause exists for the issuance of a warrant of arrest for the above-named defendant based upon the following facts which have been furnished by the Grays Harbor County Sheriff's Office:
>
> On August 28th, 2004, Grays Harbor Sheriff's deputies were called to a potential domestic assault. When they arrived they were informed by Christopher Murray that his brother, Mark T. Murray, the defendant, had just assaulted him. Mr. C. Murray stated that his brother, in an effort to drive him from the residence, struck him with a collapsible baton-style weapon twice in the back. The deputies observed two red marks that they believed were consistent with injuries that would be caused by such a weapon.
>
> . . .
>
> I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

*Id*.

In addition, Plaintiff moves for summary judgment "for damages (as documented in the Plaintiff's medical and other files) from this incident [has] left him unable to function in society." *Id*., p. 2. The "medical and other files" referenced by Plaintiff were not produced in support of

---

[2] The court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1998)).

REPORT AND RECOMMENDATION - 3

1 Plaintiff's motion for summary judgment.

2 Plaintiff reliance on his matters outside the pleadings, converts this motion to one for
3 summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted);
4 Fed. R. Civ. P. 12(c); 56. As Defendants have had an opportunity to file a reply to Plaintiff's
5 opposition, the Court notes that all parties have been given a reasonable opportunity to present all
6 pertinent material.

## II. STANDARD OF REVIEW

8 In examining Defendants' motion, the Court must draw all inferences from the admissible
9 evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d
10 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material
11 fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving
12 party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex*
13 *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

14 Once the moving party has met its burden, the opposing party must show that there is a genuine
15 issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87
16 (1986). The opposing party must present significant and probative evidence to support its claim or
17 defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

## III. DISCUSSION

**A.  Absolute Prosecutorial Immunity**

In order to prevail on a claim of malicious prosecution under Section 1983, a plaintiff must
establish that: (1) the prosecution was instituted or continued by defendant; (2) without probable
cause; (3) and through malice; (4) the proceedings were terminated in favor of plaintiff; and (5)
plaintiff suffered injury as a result. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 558 (1993).

Defendants state that they are absolutely immune from liability as they cannot be held liable
for failing to realize that Plaintiff's brother was allegedly not being honest about some of the facts.

Prosecutors are entitled to absolute immunity for their actions during the initiation of a

28 REPORT AND RECOMMENDATION - 4

criminal case and its presentation at trial. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). These functions are intimately associated with the judicial process." *Id*. Filing charges and initiating prosecution are functions that are integral to a prosecutor's work. *Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999). Because "[e]xposing the prosecutor to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment," absolute immunity protects these acts. *Kalina v. Fletcher*, 522 U.S. 118 (1997) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

When prosecutors perform administrative or investigative, rather than advocatory, functions they do not receive absolute immunity. *Burns v. Reed*, 500 U.S. 478, 494-96 (1991). To determine whether an action is administrative/investigative or advocatory, one must look to "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 299 (1988). The actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). A prosecutor is not entitled to absolute immunity for personally attesting to the truth of the facts in a certification for determination of probable cause under penalty of perjury. *See Kalina*, 522 U.S. 118; *see also Morley v. Walker*, 175 F.3d 756, 760 (9th Cir. 1999). In *Kalina*, the Surpeme Court ruled that absolute immunity was not available to a prosecutor where she swore to the truth of the facts supporting her motion for an arrest warrant. 522 U.S. at 129-31. Although a prosecutor has absolute immunity "for preparing and filing charging documents" that initiate a proceeding, that immunity does not extent where she is "personally attesting to the truth of evidence in support of charging documents." *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (citing *Kalina*, 522 U.S. at 130). Presenting testimonial evidence is distinct from personally swearing to the truth of that evidence. *Kalina*, 522 U.S. at 129-30. The function of presenting evidence must be distinguished from submitting one's own testimony. *See Kalina*, 522 U.S. at 129-30; *Genzler*, 410 F.3d at 637; *Milstein*, 257 F.3d at 1010-1, 1012; *Morley*, 175 F.3d at 760.

One application of this rule is that prosecutors are entitled only to qualified immunity for performing "investigative" functions normally carried out by police officers. *Kalina*, 522 U.S. at

REPORT AND RECOMMENDATION - 5

126-27; *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993). Prosecutors are not entitled to absolute immunity for this conduct because police officers themselves are not entitled to absolute immunity when engaged in "investigative" conduct. *Kalina*, 522 U.S. at 126-27.

Plaintiff argues that like the prosecutor in *Kalina*, the prosecutors here are not entitled to absolute immunity because they swore to knowingly false statements "insofar as the address of the neighbor and complaining witness and that the baton found was a Grays Harbor County Sheriff's baton. (Dkt. # 28, p. 1).

The undisputed evidence here reveals that Defendant Newman signed a declaration stating that a criminal complaint had been filed against the Plaintiff and asserted that probable cause existed for issuance of a warrant for Plaintiff's arrest based upon facts furnished to him by the Grays Harbor County Sheriff's Office. (Dkt. # 9, Attach. 1, Exh. 2 [emphasis added]).

Defendant Newman is not entitled to absolute prosecutorial immunity for his conduct in swearing to facts in support of the arrest warrant. Although Mr. Newman made his determination of the existence of probable cause based on facts related to him by the sheriff's department, he was not merely presenting testimonial evidence. Instead, he stepped outside of his prosecutorial role and into the role of witness, when he personally attested to the truth of the facts in the affidavit. *See Kalina*, 522 U.S. at 130. ("Testifying about facts is the function of the witness, not of the lawyer.")

Defendant Newman may be entitled to avoid liability by showing that his conduct did not violate a clearly established right of which a reasonable person would have known. However, the question of qualified immunity is not presently before the Court.

As to Defendant Valentine, Plaintiff alleges in his Complaint that she was the prosecutor for the "second half" of his incarceration and that "had she studied" the case, she would have been aware that there were false statements in the arrest warrant. (Dkt. # 4, p. 3). There is, however, no evidence in the record that Defendant Valentine was acting in an administrative or investigative function rather than an advocatory one, such that she should be deprived of absolute immunity from prosecution for her actions during the presentation of Plaintiff's criminal case in Grays Harbor.

Therefore, drawing all reasonable inferences from the record most favorably to Plaintiff, the

REPORT AND RECOMMENDATION - 6

Court concludes that Defendants motion to dismiss should be denied as to Defendant Newman and granted in favor of Defendant Valentine.

**B.     Plaintiff's Cross-Motion for Summary Judgment**

In his response to Defendants' motion to dismiss, Plaintiff requests the Court to grant summary judgment in his favor. (Dkt. # 28, p. 2). Plaintiff's motion consists of the following two sentences:

> The damages (documented in the plaintiff's medical and other files) from this incident have left me unable to function in society. My need for help is dire and I do not have any money to see my psychiatrist.

*Id*.

Plaintiff has presented no summary judgment evidence in support of his motion.

Summary judgment shall be rendered only if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As the moving party, Plaintiff bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323.

As Plaintiff has not met his initial burden of proof, the undersigned recommends that his motion for summary judgment be denied.

## IV. CONCLUSION

Viewing all Plaintiff's material factual allegations as admitted and construing his Complaint and filings liberally in the light most favorable to him, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims against Defendant Valentine because she is entitled to absolute immunity. For these reasons, the Court recommends that the Defendants' Motion to Dismiss (Dkt. # 26) be **GRANTED as to Defendant Valentine and DENIED as to Defendant Newman.** A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk of the Court

REPORT AND RECOMMENDATION - 7

1 | is directed to set the matter for consideration on **April 25, 2008**, as noted in the caption.

2 | DATED this 3rd day of April, 2008.

*[signature: Karen L. Strombom]*

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8