UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK T. MURRAY,

            Plaintiff,

   v.

KRAIG NEWMAN, *et al.*,

            Defendants.

Case No. C07-5215 RBL/KLS

ORDER REGARDING
SUPPLEMENT TO COMPLAINT

    Before the Court is Plaintiff's Supplement re Complaint (Dkt. # 8), in which Plaintiff purports to add the State of Washington as a defendant in his civil rights complaint. Prior to pursuing service of the complaint upon the State of Washington, the Court finds that Plaintiff should be directed to amend his complaint with regard to his claim as to the State of Washington only.

## I. BACKGROUND

    On May 16, 2007 Plaintiff was granted leave to proceed *in forma pauperis* (IFP). (Dkt. # 6). Shortly after submitting his proposed civil rights complaint, Plaintiff submitted a supplement, page 3a to his complaint, in which he named Washington State as an additional party. (Dkt. # 8). However, there are no facts alleged in the complaint that relate to any action or inaction by the State of Washington or any of its employees. That document was docketed as a supplement rather than a praecipe. After the IFP application was granted and Plaintiff's complaint (Dkt. # 4) was entered on the docket, the supplement was inadvertently excluded. Consequently, when the State of Washington was served with process, it believed that it had been served with a lawsuit in which it was not a named party and the Washington State Attorney General's Office returned this Court's Order Directing Service to the Clerk's Office. (Dkt. # 35).

    Defendants Newman and Valentine were properly served (Dkts. # 31 & 32) and are not the subject

ORDER
Page - 1

of this Order. Defendants Newman and Valentine moved to dismiss on the grounds of absolute prosecutorial immunity. (Dkt. # 26). That motion is the subject of a report and recommendation that is presently pending and noted for April 25, 2008.

## II. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff names the State of Washington as a defendant in the Supplement to his complaint, but does not allege any facts or name any specific individuals to support any claim of constitutional harm. This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered.

Accordingly, it is **ORDERED**:

1. Plaintiff shall file an addendum to the complaint which only alleges facts showing how

1 individually named defendant or defendants employed by the State of Washington caused or personally
2 participated in depriving him of a constitutional right and which claims are connected to Plaintiff's
3 existing claims against Defendants Newman and Valentine.  Plaintiff is advised that his claims against
4 Defendants Newman and Valentine shall remain the same and he is not being granted leave to amend his
5 complaint as to those Defendants.  Plaintiff's addendum to the complaint as to employee(s) of the State of
6 Washington shall be due on or before **May 23, 2008**;

7     2.   In the event Plaintiff does not wish to prosecute any claim against any employee(s) of the
8 State of Washington, he need not file an addendum,  Plaintiff shall advise the Court by letter of his intent
9 not to file an addendum on or before **May 23, 2008**;

10     3.   The Clerk of the Court shall send copies of this Order to Plaintiff, opposing counsel, a
11 courtesy copy to the Attorney General of the State of Washington, and to the Honorable Ronald B.
12 Leighton.

13     DATED this  23rd  day of April, 2008.

                                       Karen L. Strombom
                                       United States Magistrate Judge