UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK T. MURRAY,

    Plaintiff,

v.

KRAIG NEWMAN, *et al.*,

    Defendants.

Case No. C07-5215 RBL/KLS

SECOND ORDER REGARDING
SUPPLEMENT TO COMPLAINT

Before the Court is Plaintiff's Addendum to Complaint (Dkt. # 45), submitted in response to the court's Order Regarding Supplement to Complaint (Dkt. # 38), in which Plaintiff was directed to amend his complaint with regard to his claim as to the State of Washington. Plaintiff advises that he was attempting to name the force that wrongly arrested and jailed him in violation of his Fourth Amendment rights and has engaged in various investigative efforts to name the appropriate defendants. He seeks leave to amend his complaint to name the Grays Harbor County Sheriff's Department, Michael Whelan, Sheriff and/or David Christensen, Superintendent of Corrections for false arrest and unlawful imprisonment, in connection with his existing claims. (Dkt. # 45, p. 2).

## I. DISCUSSION

Plaintiff is again advised that, in order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

ORDER
Page - 1

laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff shall be granted leave to amend his complaint to designate individuals in the Grays Harbor Sheriff's Office and/or Department of Corrections, but he must name specific individuals and he must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered.

Plaintiff is reminded that his claims against Defendants Newman and Valentine are not affected by this Order.[1]

Accordingly, it is **ORDERED**:

1. Plaintiff shall file an addendum to the complaint which only alleges facts showing how individually named defendant or defendants employed by the Grays Harbor Sheriff's Department and/or the Department of Corrections caused or personally participated in depriving him of a constitutional right and which claims are connected to Plaintiff's existing claims against Defendants Newman and Valentine.

---

[1] Plaintiff's claims against Defendant Valentine were dismissed (Dkt. # 44) and Defendant Newman's motion for summary judgment on the grounds of qualified immunity is presently before the court (Dkt. # 40).

Plaintiff is advised that his claims against Defendants Newman and Valentine shall remain the same and he is not being granted leave to amend his complaint as to those Defendants.  Plaintiff's addendum to the complaint as to employee(s) of the Grays Harbor Sheriff's Department and/or the Department of Corrections shall be due on or before **July 11, 2008**, or the court shall advise dismissal of this claim for failure to prosecute.

  2. The Clerk of the Court shall send copies of this Order to Plaintiff and opposing counsel.

 DATED this  9th  day of June, 2008.

             Karen L. Strombom
             United States Magistrate Judge

ORDER
Page - 3