UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK T. MURRAY,

      Plaintiff,

    v.

KRAIG NEWMAN, *et al.*,

      Defendants.

Case No. C07-5215 RBL/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM

    Presently before the court is Plaintiff's "motion for subpoena duces tecum, shortened time and supplement to Plaintiff's response to Defendant's motion for summary judgment."  (Dkt. # 48). Also pending before the court is Defendant Newman's motion for summary judgment on the grounds of qualified immunity.  (Dkt. # 40).   Having carefully considered Plaintiff's motion and Defendant's opposition (Dkt. # 50), the court finds that Plaintiff's motion should be denied.

## I.  DISCUSSION

    Defendant Newman's motion for summary judgment was filed on April 29, 2008 and noted for May 30, 2008.  (Dkt. # 40).  Plaintiff filed his response to the motion on May 28, 2008.  (Dkt. # 45).  Defendant Newman filed his reply on May 30, 2008.  (Dkt. # 47).  The matter is presently under consideration by the court.

    On June 3, 2008, Plaintiff filed the present motion, seeking an order requiring the Defendant

ORDER - 1

1   to provide him with a copies of the proceedings of three criminal cases in Grays Harbor District

2   Court, including transcripts, 911 tapes and police reports.  (Dkt. # 48).  Plaintiff claims that these

3   materials would supply "additional proof of facts insofar as Judge Copland's instruction for the

4   brothers to stay separate pending the resolution of the cases," and "contradictions in the

5   complaining witness' numerous statements would reveal that the defendants were well aware that

6   the reports were inaccurate." *Id*., pp. 1-2.  Plaintiff requests that the subpoenas issue in the event

7   additional proof is needed to show that Defendant Newman made false statements in swearing to

8   the finding of probable cause or, alternatively, that the court deny Defendant's motion for summary

9   judgment. *Id*. p. 3.

10          Plaintiff's motion is not timely.  Defendant Newman's motion has been filed and noted for

11  hearing since April 29, 2008.  (Dkt. # 40).  Plaintiff filed a response and Defendant Newman filed a

12  reply.  (Dkts. # 46 and 47).  Plaintiff did not file a motion to continue the summary judgment

13  motion to conduct discovery.  Nor has Plaintiff provided an explanation of why he did not

14  previously pursue discovery from Defendant or any third parties in possession of any materials he

15  may have thought relevant to the issues in his case.  Notwithstanding Plaintiff's *in forma pauperis*

16  status, he is responsible for prosecuting his case and the rules of discovery contained in the Federal

17  Rules of Civil Procedure provide various avenues for acquiring discovery during the course of

18  litigation.

19          More importantly, Plaintiff fails to explain to the court how discovery of proceedings in

20  three criminal cases, 911 tapes and police reports is relevant to the issue of whether Defendant

21  Newman is entitled to qualified immunity.  That issue includes a determination of whether

22  Defendant Newman deliberately or recklessly made false statements or omissions that were material

23  to the finding of probable cause when he signed a declaration stating that a criminal complaint had

24  been filed against the Plaintiff and asserted that probable cause existed for issuance of a warrant for

25  Plaintiff's arrest based upon facts furnished to him by the Grays Harbor County Sheriff's Office.

26  ORDER - 2

(Dkt. # 9, Attach. 1, Exh. 2.  That declaration stated, in pertinent part:

> A Criminal Complaint was filed accusing the defendant of a criminal offense, and probable cause exists for the issuance of a warrant of arrest for the above-named defendant based upon the following facts which have been furnished by the Grays Harbor County Sheriff's Office:
>
> On August 28th, 2004, Grays Harbor Sheriff's deputies were called to a potential domestic assault.  When they arrived they were informed by Christopher Murray that his brother, Mark T. Murray, the defendant, had just assaulted him. Mr. C. Murray stated that his brother, in an effort to drive him from the residence, struck him with a collapsible baton-style weapon twice in the back.  The deputies observed two red marks that they believed were consistent with injuries that would be caused by such a weapon.

*Id.*

Plaintiff alleges that Defendant Newman was acting as a complaining witnesses and that "the defendant[s] swear to the judge of knowingly false statements insofar as the address of the neighbor and complaining witness and that the baton found was a Grays Harbor County Sheriff's baton."  (Dkt. # 28, p. 1).    Plaintiff offers no explanation of how the proceedings in the criminal cases are relevant to his claims of the false statements contained in Defendant Newman's declaration.

Accordingly, it is **ORDERED** that Plaintiff's motion for subpoena (Dkt. # 48) is **DENIED**.

DATED this  24th  day of June, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3