UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK T. MURRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>KRAIG NEWMAN, *et al.*,<br><br>    Defendants. | Case No. C07-5215 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**July 25, 2008** |

This matter comes before the court on the motion for summary judgment of Defendant Kraig Newman. (Dkt. # 40). Defendant Newman argues that Plaintiff's claims against him must be dismissed because he is entitled to qualified immunity. Defendant Newman's motion is supported by his Declaration. (Dkt. # 41). Having carefully reviewed Defendant's motion and declaration, Plaintiff's response in opposition (Dkt. # 46), Defendant's reply (Dkt. # 47), and the balance of the record, the court recommends that the motion be granted.

## I. PLAINTIFF'S ALLEGATIONS AND FACTS RELEVANT TO SUMMARY JUDGMENT MOTION

**A.      Plaintiff's Allegations**

Plaintiff seeks damages against Defendants Newman and Valentine for malicious prosecution. Plaintiff alleges that his brother, who is addicted to methamphetamine, sought to

REPORT AND RECOMMENDATION - 1

have Plaintiff jailed so that he could steal his belongings and sell them for drugs. (Dkt. # 4, p. 3). Plaintiff alleges that his brother lied to investigators regarding a domestic violence incident resulting in Plaintiff's arrest for domestic violence and a search warrant. *Id*. Plaintiff alleges that his father advised the Grays Harbor County Prosecutor's Office of the truth and also sent them a written memorandum. *Id*. Despite knowing that the affidavit for search warrant was based on his brother's falsehoods, Plaintiff alleges that Defendants Newman and Valentine pursued the search warrant. *Id*. Defendant Valentine was the prosecutor "for the second half of [Plaintiff's] incarceration." *Id.* Plaintiff alleges that if she had "studied the case, she was aware of the knowingly false statements in the affidavit for search warrant." *Id*. Plaintiff alleges further:

> My brother told investigators that he lived at my house. The prosecutors knew the truth because he was involved in a DV with his wife just days earlier. Mr. Newman and Ms. Valentine are guilty of Malicious Prosecution.

*Id.*

Plaintiff also claims that after thirty months of incarceration, he won all of his domestic violence cases relating to his brother. *Id.*

**B.      Factual Background - Absolute Immunity - Defendant Valentine**

Defendants Newman and Valentine argued that they were entitled to absolute prosecutorial immunity from Plaintiff's claims as his only allegation is that they should have known that the primary witness against him in a domestic violence case was allegedly not telling the truth. (Dkt. # 26, p. 2, Dkt. # 33). In response, Plaintiff alleged that the prosecutors were acting as complaining witnesses when they knowingly swore to false statements in an arrest warrant. (Dkt. # 28, p. 1).

The court granted the motion as to Defendant Valentine, but denied it as to Defendant Newman. (Dkt. # 44). In his declaration, Defendant Newman asserted that probable cause existed for issuance of a warrant for Plaintiff's arrest:

> I, Kraig Newman, hereby declare as follows:
>
> That I am a deputy prosecuting attorney in and for Grays Harbor, Washington, and I am familiar with the records and files herein;
>
> A Criminal Complaint was filed accusing the defendant of a criminal offense, and probable cause exists for the issuance of a warrant of arrest for the above-named

REPORT AND RECOMMENDATION - 2

> defendant based upon the following facts which have been furnished by the Grays Harbor County Sheriff's Office:
>
> On August 28th, 2004, Grays Harbor Sheriff's deputies were called to a potential domestic assault. When they arrived they were informed by Christopher Murray that his brother, Mark T. Murray, the defendant, had just assaulted him. Mr. C. Murray stated that his brother, in an effort to drive him from the residence, struck him with a collapsible baton-style weapon twice in the back. The deputies observed two red marks that they believed were consistent with injuries that would be caused by such a weapon.
>
> . . .
>
> I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

(Dkt. # 9, Attach. 1, Exh. 2).

**C.     Motion for Summary Judgment Based on Qualified Immunity**

Defendant Newman argues that he is entitled to qualified immunity because he did not violate Plaintiff's constitutional rights as there was probable cause for Plaintiff's prosecution.

Defendant Newman relies on the following summary judgment evidence. In his statement to the Sheriff's Office, Mr. C. Murray alleges that his brother, Mark T. Murray (the Plaintiff herein), struck him in the back and the leg with an expandable baton. (Dkt. # 41, Exh. 2). The Plaintiff admitted, in his written statement, to striking his brother with an expandable baton on August 28, 2004. *Id*., Exh. 3. Sheriff's deputies responded to a potential domestic assault and reported that they were told by Plaintiff's brother that Plaintiff struck him twice with a baton and showed the deputies two marks that they indicated were "consistent with baton strikes." *Id.*, Exh. 4. Sheriff's Deputy Rydman reported that Plaintiff was locked in the house and refused requests to come out. *Id.* During a subsequent search of the residence, pursuant to a search warrant, deputies recovered an expandable baton like the one described by Plaintiff's brother. *Id*., Exh. 5.

Plaintiff provides proof that he lived at 6609 Central Park Drive. (Dkt. # 46, pp. 6-7). Plaintiff asserts that his brother, who was in violation of a no-contact order, assaulted him and attempted to throw him out of his own house. *Id*., p. 3. Plaintiff asserts that he used the baton against his brother in self-defense following the second assault that day by his brother. *Id*. p. 2. He also claims that the baton was not a sheriff's department baton as it had no serial numbers on it and

REPORT AND RECOMMENDATION - 3

1  although he tried on several occasions to return it, the sheriff's department refused his offer to
2  return the baton. *Id.*, p. 3.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c). In deciding whether summary judgment should be granted, the court must view the record in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. *Id*.

The moving party must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## III. DISCUSSION

Qualified immunity protects section 1983 defendants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 943 (9th Cir. 2004). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "an immunity

REPORT AND RECOMMENDATION - 4

from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.*, 472 U.S. at 526. Courts stress the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The issue of qualified immunity is "a pure question of law." *Elder v. Holloway*, 510 U.S. 510, 514 (1994); *Romero v. Kitsap County*, 931 F.2d 624, 627-628 (9th Cir. 1991). As to summary judgment on qualified immunity, the first step is to "decide whether a constitutional right would be violated if all facts are viewed in favor of the party opposing summary judgment." *Jeffers v. Gomez*, 276 F.3d 895, 909 (9th Cir. 2001) (citing *Saucier v. Katz*, 533 U.S. 194, (2001)). "If no constitutional violation is shown, the inquiry ends. *Id.* (citing *Cunningham v. City of Wenatchee*, 345 F.3d 802, 810 (9th Cir. 2003). On the other hand, if "the parties' submissions" create a triable issue of whether a constitutional violation occurred, the second question is "whether the right was clearly established." *Saucier*, 533 U.S. at 201. A constitutional right is clearly established when it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.* at 202; *Squaw Valley*, 375 F.3d at 943.

The "contours" of the allegedly violated right "must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right ... [I]n the light of preexisting law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 US. 635 (1987). "If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." *Saucier*, 533 U.S. at 205. "Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In his complaint, Plaintiff alleges that his brother lied to investigators about living at his house and that Defendant Newman knew that truth because he was involved in a domestic violence case with his wife just days earlier. (Dkt. # 4, p. 3). Plaintiff also alleges that his father advised the Grays Harbor County Prosecutor's Office of the truth and sent them a written memorandum. *Id.*

REPORT AND RECOMMENDATION - 5

In response to the earlier motion to dismiss, Plaintiff alleged that Defendant Newman maliciously prosecuted him because he knowingly swore to false statements in pursuing the arrest warrant against him, *i.e.,* (1) the address of the neighbor and complaining witness; and (2) that the baton found was a Grays Harbor County Sheriff's baton. (Dkt. # 28, p. 1).

To maintain a claim of malicious prosecution, Plaintiff must show that Defendant Newman prosecuted him "with malice and *without probable cause.*' " *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066 (9th Cir.2004) (alteration in original). "The substance of all the definitions of probable cause is a reasonable ground for belief." *Maryland v. Pringle*, 540 U.S. 366 (2003).

To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir.2002). The court determines the materiality of alleged false statements or omissions. *Butler v. Elle,* 281 F.3d 1014, 1024 (9th Cir.2002).

Defendant Newman sought an arrest warrant for Plaintiff on a charge of Assault in the Fourth Degree - Domestic Violence. (Dkt. # 41, Exh. 1). Assault in the Fourth Degree is committed, if "under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." RCW 9A.36.041. It is considered a Domestic Violence charge if it is committed by one family member against another. RCW 10.99.020(5)(d). "Family members" include adults related to each other by blood. RCW 10.99.020(3).

The pertinent statements contained in Defendant Newman's declarations are as follows:

1) Deputies were informed on arrival by Chris Murray that his brother Mark had just assaulted him.

2) Chris Murray told deputies that his brother Mark, "in an effort to drive him from the residence, struck him with a collapsible baton-type weapon twice in the back."

3) The deputies observed two red marks "that they believed were consistent with injuries that would be caused by such a weapon."

4) Deputies could not arrest Mr. Murray at the time because he was locked in his house.

REPORT AND RECOMMENDATION - 6

1   5)   The plaintiff was arrested during a subsequent search of the residence
         pursuant to a search warrant and they recovered "a baton weapon that
2        matched the description that Christopher Murray gave to them."

Dkt. # 41, Exh. 1.

These facts are supported by the witness statements. *Id*., Exhs. 2-5.  In his statement to the Sheriff's Office, Murray's brother, the apparent victim of the assault, alleged that his brother, Mark T. Murray, struck him with an expandable baton. (Dkt. # 41, Exh. 2, pp. 3-4).  In his written statement, the Plaintiff admitted that he struck his brother with an expandable baton on August 28, 2004. *Id*., Exh. 3.  Sheriff's deputies responded to a potential domestic assault call and reported that they were told by Plaintiff's brother that Plaintiff struck him with a baton and showed the deputies two marks that they indicated were "consistent with baton strikes." *Id*., Exh. 4, pp. 7-8.

Sheriff's Deputy Rydman reported that Plaintiff was locked in the house and refused requests to come out. *Id.*  During a subsequent search of the residence, pursuant to a search warrant, deputies recovered an expandable baton like the one described by Plaintiff. *Id*., Exh. 5, pp. 9-10.

Conversely, there is no competent summary judgment evidence that Defendant Newman "deliberately or recklessly made false statements or omissions in his declaration that were material to the finding of probable cause."  Although Plaintiff alleges that his brother had a different address from the plaintiff and had pending DV charges involving his wife (Dkt. # 46, p. 1), Defendant Newman makes no assertion in his declaration that Plaintiff's brother lived with him and makes no mention about DV charges.  Plaintiff also suggests that the baton was stolen from the Grays Harbor Sheriff's Department (*Id*., p. 3), but Defendant Newman's declaration is silent as to the origin of the baton.

Plaintiff asserts that his brother was "guilty of obstruction of justice and knowingly giving false information to a police officer." *Id*., p. 2.  However, there is no evidence that Defendant Newman knew that Plaintiff's brother provided false information to the police or that Plaintiff's brother did, in fact, provide false information to the police.  Plaintiff also alleges that Defendant Newman made knowingly false statements in court, affirming the false statements in his declaration. (Dkt. # 46, p. 3).  However, this allegation is unsupported, conclusory and not proper

REPORT AND RECOMMENDATION - 7

1 summary judgment evidence. *See Scott v. Rosenberg,* 702 F.2d 1263, 1271-72 (9th Cir.1983).

2       The evidence reflects that Defendant Newman sought an arrest warrant for the Plaintiff on a
3 charge of Assault in the Fourth Degree - Domestic Violence. (Dkt. # 41, Exh. 1). As noted above,
4 Assault in the Fourth Degree is committed, if "under circumstances not amounting to assault in the
5 first, second, or third degree, or custodial assault, he or she assaults another." RCW 9A.36.041. It is
6 considered a Domestic Violence charge if it is committed by one family member against another.
7 RCW 10.99.020(5)(d). "Family members" include adults related to each other by blood. RCW
8 10.99.020(3). Under these statutes, therefore, if Defendant Newman possessed a reasonable ground
9 for believing that Plaintiff assaulted a family member, then there was probable cause and no claim
10 for malicious prosecution can survive.

11       Plaintiff admits that he hit his brother, although he insists that he hit him only in self-
12 defense. (*See e.g.*, Dkt. # 46, p. 3). Self-defense is an affirmative defense which can be asserted to
13 render an otherwise unlawful act lawful. It does not vitiate the fact that the assault occurred or the
14 existence of probable cause at the time that the arrest was made. Plaintiff's assertion of self-defense
15 is an affirmative defense to the charge of domestic assault. *See McBride v. Walla Wall County*, 975
16 P.2d 1029, 1033 (1999).

17       Viewing all of the evidence in the light most favorable to Plaintiff, the undersigned
18 concludes that Defendant Newman did not deliberately or recklessly make false statements or
19 omissions in his declaration that were material to the finding of probable cause. Based on the
20 record, there is an insufficient showing of, or a factual question as to, violation of a constitutional
21 right in that probable cause supported pursuit of the arrest warrant for Plaintiff.

22       As the court finds that there has been no violation of a constitutional right in that probable
23 cause supported Defendant Newman's pursuit of the arrest warrant, the qualified immunity inquiry
24 ends here, and the issue of a clearly established right need not be addressed.

25       Accordingly, the undersigned recommends that Defendant Newman's motion for summary
26 judgment based on qualified immunity be granted and that Plaintiff's claims against Defendant
27 Newman be dismissed with prejudice.

28 REPORT AND RECOMMENDATION - 8

**IV. CONCLUSION**

Viewing all Plaintiff's material factual allegations as admitted and construing his Complaint and filings liberally in the light most favorable to him, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims against Defendant Newman because he is entitled to qualified immunity. For these reasons, the Court recommends that the Defendants' Motion for summary Judgment (Dkt. # 40) be **GRANTED as to Defendant Newman.** A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk of the Court is directed to set the matter for consideration on **July 25, 2008**, as noted in the caption.

DATED this 30th day of June, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9