1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                     AT TACOMA
10
11   MARK T. MURRAY,

12                    Plaintiff,                Case No.  C07-5215 RBL/KLS

13        v.

14   KRAIG NEWMAN, *et al.*,                    THIRD ORDER REGARDING
                                                SUPPLEMENT TO COMPLAINT
15                    Defendants.

16

17        Before the Court is Plaintiff's Second Addendum to Complaint (Dkt. # 54), submitted in response

18   to the court's Order Regarding Supplement to Complaint, in which Plaintiff was directed to file an

19   addendum to his complaint alleging facts showing how individual named defendants employed by the

20   Grays Harbor Sheriff's Department and/or the Department of Corrections caused or personally

21   participated in depriving him of a constitutional right. (Dkt. # 49).   After careful review of Plaintiff's

22   addendum, the Court finds that Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

23                              **I. DISCUSSION**

24        As Plaintiff has been repeatedly advised, in order to state a claim under 42 U.S.C. § 1983, a

25   complaint must allege that (l) the conduct complained of was committed by a person acting under color of

26   state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the

27   Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other

28   grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold*, 637 F.2d at 1355. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff's Second Addendum includes allegations against the "Grays Harbor County" and "Grays Harbor County Sheriff's Department" collectively and states that "Sheriffs Office" gave conflicting reports. (Dkt. # 54, p. 1). This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered.

Plaintiff is reminded that his claims against Defendants Newman and Valentine are not affected by this Order.[1]

Accordingly, it is **ORDERED**:

1.    Plaintiff shall file an addendum to the complaint which only alleges facts showing how individually named defendant or defendants employed by the Grays Harbor Sheriff's Department and/or the Department of Corrections caused or personally participated in depriving him of a constitutional right and which claims are connected to Plaintiff's existing claims against Defendants Newman and Valentine. Plaintiff is advised that his claims against Defendants Newman and Valentine shall remain the same and he is not being granted leave to amend his complaint as to those Defendants. Plaintiff's addendum to the

---

[1]Plaintiff's claims against Defendant Valentine were dismissed (Dkt. # 44) and Defendant Newman's motion for summary judgment on the grounds of qualified immunity is presently before the court (Dkt. # 40).

complaint as to employee(s) of the Grays Harbor Sheriff's Department and/or the Department of Corrections shall be due on or before **August 22, 2008**, or the court shall advise dismissal of this claim for failure to prosecute.

      2.    The Clerk of the Court shall send copies of this Order to Plaintiff and opposing counsel.

      DATED this _25th_ day of July, 2008.

Karen L. Strombom
United States Magistrate Judge